## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

     vs.                                         CV. No. 16-00624  JAP/LF

FERNANDEZ SANDOVAL,

     Defendant.

### MEMORANDUM OPINION AND ORDER

On June 15, 2020, Defendant filed FERNANDEZ SANDOVAL'S AMENDED MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (CV Doc. 13) (Motion).[1] In his Motion, Defendant argues that 300 months of the 370 months sentence he received is unconstitutional. The Motion is fully briefed.[2] After considering the briefs, the Court will deny Defendant's Motion.

### PROCEDURAL BACKGROUND

On August 14, 1996, a jury found Defendant guilty[3]  for committing on separate days two armed bank robberies in violation of 18 U.S.C. §§ 2113(a) and for using or carrying firearms in the commission of those crimes in violation of 18 U.S.C. § 924 (Counts 2 and 4). Defendant, who had prior felony convictions, was also charged with being a felon in possession of a firearm, a separate crime committed in addition to the two charged robberies (Count 6).[4]

---

[1]  Defendant's criminal case is docketed in 1:95-cr-00636-JAP-1. Citations to the civil docket will be marked "CV Doc." and citations to the criminal docket will be marked "CR Doc."

[2] *See* THE UNITED STATES' RESPONSE IN OPPOSITION TO FERNANDEZ SANDOVAL'S AMENDED MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (CV Doc. 16) (Response), and FERNANDEZ SANDOVAL'S REPLY IN SUPPORT OF HIS AMENDED MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (CV Doc. 17) (Reply).

[3] *See* VERDICT (CR Doc. 87).

[4] The six-count indictment included a co-defendant who was individually charged on one of the counts.

On January 2, 1997 (Doc. 107) the Court sentenced Defendant to a total term of imprisonment of 370 months: 70 months each for counts 1, 3, and 6, to be served concurrently; 60 months for Count 2, and 240 months for count 4, both of which statutorily must be served consecutive to any other sentence. Defendant unsuccessfully sought to reverse his conviction.[5]

On June 20, 2016, Defendant filed with a motion with the Tenth Circuit Court of Appeals[6] seeking permission to file a second or successive § 2255 petition, asserting that Defendant's enhancement under § 924(c) for using and possessing a firearm in the commission of a crime of violence violated his constitutional due process rights. *Id.* at 5. The Tenth Circuit abated the matter and it was stayed in this Court until December 5, 2019 when the Tenth Circuit lifted the abatement and authorized Defendant to file a second petition.[7]

## LEGAL STANDARD

Before a district court may proceed to an examination of the merits of a second or successive § 2255 petition, Defendant must pass through "two gates." *See United States v. Washington*, 890 F.3d 891, 894 (10th Cir. 2018).  First, Defendant must obtain authorization from the Tenth Circuit to file a successive petition by making a prima facie showing that his motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 895. Then, Defendant may advance to the district court where, he "must 'back up the prima facie showing … with actual evidence to show he can meet this standard.'" *Id.* (quoting *Case v. Hatch,* 731 F.3d 1015, 1028 (10th Cir. 2013)).  If

---

[5] Defendant's attempts to reverse his conviction included a petition under 29 U.S.C. § 2255, *see* Doc. 112, which argued that he was denied effective assistance of counsel. The Court denied the petition on April 2, 2001. (CR Doc. 144).

[6] *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 145).

[7] *See* Order (Doc. 156).

Defendant fails to meet the requirements of the second prong, this Court "must dismiss the motion without reaching the merits of [Defendant's] claim." *Washington*, 890 F.3d at 895.

## ANALYSIS

Defendant's Petition rests on an allegation that 300 months of his 370 months sentence is unlawful because it arises from an unconstitutional statutory provision found in 18 U.S.C. § 924(c)(3). This statute criminalizes using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." Defined in § 924(c)(3), a "crime of violence" is a "felony and –(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Subsection A is commonly called the "elements clause," and subsection B is known as the "residual clause." *See United States v. Davis,* 139 S. Ct. 2319, 2324 (2019).

In *United States v. Davis*, the Supreme Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague under the Fifth Amendment and the separation of powers principle, because it does not give defendants "fair notice of what the law demands of them." *Id.* at 2335. In contrast, the elements clause does not suffer from the same infirmities because it clearly criminalizes "the use, attempted use, or threatened use of force." *United States v. Bowen*, 936 F.3d 1091, 1100 (10th Cir. 2019). In *Bowen*, the Tenth Circuit held that *Davis*'s new rule is substantive and therefore retroactively applicable to cases on collateral review. *Id.* Defendant now seeks review of the sentence imposed for his § 924(c) conviction, contending that the predicate offenses, two counts under § 2113(a) and (d) of armed robbery, can only be crimes of violence under the residual clause.

Without considering the merits of Defendant's claim, the Tenth Circuit concluded that the holdings of *Davis* and *Bowen* as applied to Defendant's § 924(c)(3) conviction gave Defendant a

3

legal basis to argue his claim and so authorized Defendant's petition. Now, the question before this Court is whether Defendant's claim is viable. To pass the second gate, Defendant must show by a preponderance of the evidence "that it is more likely than not" that his conviction for armed robbery under § 2113(a) and/or (d) were "crimes of violence" under the residual clause. *See Washington*, 890 F.3d at 896. If Defendant fails to do so, then his petition must be dismissed without further consideration.

When examining whether a predicate statute falls within the element clause or the residual clause, courts use a categorical approach that examines only the statutory elements of a crime. "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)). To qualify as a crime of violence under the elements clause, Defendant's predicate crime must have as a necessary element one of the following: "[1] the use, [2] attempted use, or [3] threatened use of physical force against the person or property of another" (force component(s)). § 924(c)(3)(A). If Defendant's predicate crime includes one or more force components, but the crime may be committed without proving a force component, then the predicate crime does not fall within the elements clause and a conviction for § 924(c)(3) was premised on the residual clause.

Defendant's § 924(c)(3) conviction is predicated on use of a firearm in the commission of armed robbery in violation of § 2113(a) and (d). Because Defendant's § 924(c)(3) conviction is not explicitly tied to either 2113(a) or (d), if either offense is categorically a crime of violence,[8] then Defendant's conviction stands. Defendant contends that neither conviction is categorically a

---

[8] Subsection (a) defines robbery and subjection (d) prohibits use of a dangerous weapon in the commission of a robbery.

4

crime of violence. Alternatively, Defendant asserts that when he committed his offense in 1995, existing precedent means that the Court could only have sentenced him under the residual clause.

### 1. *Defendant's conviction under § 2113(a)*

Defendant claims that his conviction under § 2113(a)[9] cannot be a crime of violence under the elements clause because § 2113(a) may be violated by different factual means, some of which do not have a force component. Mot. (CV Doc. 13) at 6. The Government disagrees, declaring that § 2113(a) is a divisible statute that describes two different offenses: one with a force component and one without. The Government has the better argument.

Defendant correctly observes that § 2113(a) criminalizes both unlawful entry and robbery. *See Prince v. United States* 352 U.S. 322, 328 (1957) (explaining the history behind the inclusion of the unlawful entry paragraph). Because as defined in § 2113(a), unlawful entry may be committed without a force component, Defendant maintains that the inclusion of unlawful entry in the language of § 2113(a) denotes that robbery, too, cannot fall within the elements clause. But the fact that § 2113(a) criminalizes both unlawful entry and armed robbery does not make them one offense.

---

[9] While there have been some changes to § 2113 since 1995, subsection (a) has remained the same and states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

> Shall be fined under this title or imprisoned not more than twenty years or both.

The first paragraph refers to robbery, while the second refers to unlawful entry. *See Prince,* 352 U.S. at 328. While the Appellant calls the second paragraph the larceny paragraph, other courts refer to subparagraph (b) as the larceny provision. To avoid confusion, the Court will use the term "unlawful entry."

When a statute describes two different crimes, then that statute may be divisible. *See Descamps v. United States*, 570 U.S. 254, 257 (2013).  And in several unpublished cases, the Tenth Circuit has found that § 2113(a) is a divisible statute that describes the separate offenses of unlawful entry and robbery. *See United States v. Harden,* 787 F. App'x 547 (10th Cir. 2019) ("However, § 2113(a) is divisible, including both bank robbery by force, violence, or intimidation and the separate offense of entering or attempting to enter a bank building with intent to commit a felony or larceny."); *see also United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018) (same).

To rebut this authority, Defendant states that in *Prince,* the Supreme Court held that "§ 2113(a) does not define two separate crimes with separate sets of elements but only a 'single crime' with a single set of elements." Mot. (Doc. 13) at 8. The Government disputes Defendant's characterization of the *Prince* holding, arguing that *Prince* does not hold that the two paragraphs in § 2113(a) had merged, but rather, that the punishment for the two separate offenses had joined. The Court agrees.

In *Prince*, the defendant was convicted under both paragraphs of § 2113(a) and was given consecutive sentences. *Id.* at 323. The issue before the Court was whether the defendant could be convicted of both the intent to commit robbery and the completed act of robbery. After finding that § 2113 "creates and defines several crimes incidental to and related to thefts from banks," *Prince*, 352 U.S. at 323, the Court held that the intent to commit a robbery and/or unlawful entry together with an actual completed act of robbery "merged" the punishments, so that a defendant could not be sentenced for two separate crimes. *Id.* at 328-29; *see also United States v. Gaddis*, 624 U.S. 544, 547 (1976) (citing *Prince* for its holding that in § 2113, some convictions for sentences merged) (further citation omitted); *see also Purdom v. United States*, 249 F.2d 822, 826-27 (explaining merger of sentences doctrine). As later explained by the Fifth Circuit, *Prince*

6

concluded that "Congress creates different crimes aimed at successive stages of a single criminal undertaking, the defendant can properly be charged and tried for multiple offenses, but may be punished only for the commission of one offense." *United States v. Vasquez*, 867 F.2d 872, 875 (5th Cir. 1989) (citation omitted). In summation, *Prince*'s recognition that § 2113 delineates more than one offense does not support Defendant's argument but contradicts it. *See United States v. Butler*, 949 F.3d 230, 236 (5th Cir. 2020), *cert denied,* 141 S. Ct. 380 (2020) ("If anything, *Prince* supports the view that section 2113(a) establishes separate crimes"); *United States v. Loniello*, 610 F.3d 488, 496 (7th Cir. 2010) ("[T]he *Prince* line of decisions requires merger of sentences, not of offenses.").

Next Defendant argues that because the Supreme Court had not yet explained the modified categorical approach, when sentencing him, the Court could only have relied on the residual clause. When a statute is divisible, then a Court may apply a modified categorical approach to determine which part of the statute supported the conviction.  *See Mathis*, 136 S. Ct. at 2249. The modified categorical approach permits a court to look at "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (citing *Taylor* 495 U.S. at 602). Defendant correctly observes that the Supreme Court decided *Taylor* after Defendant's sentencing. So, Defendant concludes, while the Court would have known that Defendant had been convicted under 2113(a), the Court would not have applied the modified categorical approach and consequently could not have categorically known whether his conviction was under the robbery paragraph or the unlawful entry paragraph. The Tenth Circuit has rejected this argument. *Washington*, 890 F.3d at 896 (10th Cir. 2018); *see also Rivers v. Roadway Express Inc.,* 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction"). It is not the Government's burden

to show that a court sentenced a defendant under the elements clause, it is defendant's burden to show that it "more likely than not" that a sentencing court relied on the residual clause.

The next question for the Court is whether robbery has a force component under the elements clause. "[A]n offense will qualify as a crime of violence under § 924(c)(3)(A) if it has as an element the use, attempted use, or threatened use of physical force (as opposed to intellectual or emotional force), applied directly or indirectly, that is capable of cause physical pain or injury to the person or property of another." *United States v. Muskett*, 970 F.3d 1233, 1240-41 (10th Cir. 2020) (internal quotes omitted). "In deciding whether a prior conviction constitutes a 'violent felony' under the elements clause, 'we apply the categorical approach, focusing on the elements of the crime of conviction, not the underlying facts.'" *United States v. Deiter*, 890 F.3d 1203, 1211 (10th Cir. 2018) (quoting *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017)).

In *United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018) the Tenth Circuit squarely addressed whether § 2113(a) constituted a crime of violence under the elements clause in Sentencing Guideline § 4B1.2(a)(1) and concluded that it "categorically" was, because it involved, at a minimum, the threatened use of force. *Id.* at 680-81. Although the definition of crime of violence in § 4B1.2(a)(1) differs slightly from that found in § 924(c)(1)(B)—the former describes § 4B1.1 "physical force against the person of another" while the latter describes the physical force "against the person ***or property*** of another"—the difference is analytically insignificant. *See also Deiter*, 890 F.3d at 1213 (finding that defendant was liable for a crime of violence under § 2113(a) because under 18 U.S.C. § 2, aiding and abetting, a defendant would be as liable as he would for the completed crime). Meaningfully, in several unpublished cases, the Tenth Circuit applied *McCranie* to hold that federal bank robbery is a crime of violence under § 924(c)(A). *See, e.g., United States v. Higley*, 726 F. App'x 715, 717 (10th Cir. 2018) ("[W]e hold that [defendant's] conviction for armed bank robbery nonetheless constitutes a "crime of violence" under the

alternate, elements based definition in § 924(c)(3)(A)); *Rinker,* 746 F. App'x. at 769 (10th Cir. 2018).

Notably, even at the time that Defendant was sentenced, courts consistently found that § 2113(a) robbery had a force component. In *United States v. Lewis*, the Tenth Circuit held that the § 2113(a) offense was "unambiguously dangerous" and criminalized entering a bank "with the intention of taking money by intimidating employees of the bank." 628 F.2d 1276, 1279 (10th Cir. 1980); *see also United States v. Brittain*, 41 F.3d 1409, 1415 (10th Cir. 1994), *abrogated on other grounds by Carter v. United State*s, 530 U.S. 255 (2000) (describing the crime in § 2113(a) and (d) the "resort to force and violence, or intimidation, in the presence of another person to accomplish his purposes" (citing *United States v. DeLeo*, 422 F.2d 487, 491 (1st Cir. 1970) (further citation omitted))). In 1997, courts construed § 2113(a) to require, at a minimum, intimidation or the "threatened use of physical force" which falls within the elements clause.

**B.      *Defendant's conviction under 2113(d)***

Section 2113(d) creates a "separate and greater punishment for bank robberies accomplished through 'use of a dangerous weapon or device.'" *Apprendi v. New Jersey*, 530 U.S. 466, 487 (2000) (further citation omitted).  Even if there was any ambiguity as to whether § 2113(a) falls within the elements clause, Defendant's conviction under § 2113(d) undoubtably does. Section 2113(d) states:

> Whoever, in committing, or in attempt to commit, any offense defined in subsections (a) and (b) of this section, assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both. [10]

Defendant contends that 2113(d) cannot be a crime of violence under the elements clause because "the minimum force required for an assault by the use of a dangerous weapon or device under

---

[10] This is the version in effect in 1995.

section 2113(d) can be, for example, the holding of a gun pointed downwards during a robbery, and not pointed towards any of the bank employees or customers." Mot. at 6 (citing *United States v. Martinez-Jiminez*, 864 F.2d 664, 667 (9th Cir. 1989)). The Government counters that even the use of a toy gun involves the "threatened use of force." Tenth Circuit precedent supports the Government's argument.  Resp. (Doc. 16) at 14.

In the 1993 case, *United States v. Coleman*, the Tenth Circuit examined the question of what constitutes use of a "dangerous weapon" in § 2113(d). 9 F.3d 1480 (10th Cir. 1993). In *Coleman*, while robbing a bank, the defendant wrestled a security guard for a gun, but never gained control over it. Subsequently, the defendant was convicted for armed robbery under § 2113(d). Defendant appealed his conviction, arguing that he had not met § 2113(d)'s requirements since he neither possessed nor used the gun. The Tenth Circuit affirmed his conviction.

The Court held that the "use of a dangerous weapon or device" requires that "[a] the defendant created an apparently dangerous situation, (b) intended to intimidate his victim to a degree greater than mere use of language, (c) which does, in fact, place his victim in reasonable expectation of death or serious bodily injury." *Id.* at 1484 (quoting *United States v. Spedalieri*, 910 F.2d 7070, 710 (10th Cir. 1990) (further citations omitted)) The Court clarified that "use" and "something less than 'use' turns on whether the victims reasonably expected that the assailant could use the weapon to inflict upon them death or serious bodily injury, not on the assailant's degree of control of the weapon." *Coleman*, 9 F.3d at 1484; *see also McLaughlin v. United States* 476 U.S. 16 (1986) (use of a gun, even an unloaded one is always a dangerous weapon because it will "instill fear in the average citizen" and "creates an immediate danger that a violent response will ensue."); *United States v. Odom*, 329 F.3d 1032, 1036 (9th Cir. 2003) (the "use" of a gun under § 2113(d) also requires some type of "active employment."). Because it is the threat of the gun that creates "an immediate violent response" not a defendant's degree of control over a gun,

10

an "'armed' robbery of a bank does not require that the assailant have a precise, measurable amount of physical dominion or control over a weapon." *Coleman,* 9 F.3d at 1484. Notably, *Coleman* was decided just a few years prior to the conduct leading to Defendant's conviction.

While *Coleman* did not directly place § 2113(d) as a crime of violence within the elements clause found in § 924(c)(1)(A), the Tenth Circuit's definition of "use of a dangerous weapon or device" as used in § 2113(a) does. To violate § 2113(d), a defendant must intend to intimidate his victim to a "reasonable expectation of death or serious bodily injury." Therefore, at a minimum, § 2113(d) requires "the threatened use of force." *See United States v. Crouthers*, 669 F.2d 635, 640 n.1 (10th Cir. 1982) ("To put in jeopardy the life of a person by the use of a dangerous weapon or device means, then, to expose such person to a risk of death or to the fear of death by the use of such dangerous weapon or device")

The Court concludes that robbery under § 2113(a) and (d) are categorically crimes of violence under the elements clause. Because in 1997, existing precedent established that § 2113(a) and (d) required, at a minimum, the "threatened use of force," Defendant had fair notice that his conduct was criminal. Consequently, Defendant has not met his burden showing that it is more likely than not that his sentence under § 924(c)(1) violated his constitutional rights.

It is ordered that Defendant's § 2255 petition is dismissed.

_____

SENIOR UNITED STATES DISTRICT JUDGE

11